UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vladimir Coiscou<br><br>      Plaintiff,<br><br>   -against-<br><br>The City of New York, Elvin Gomez, in his individual capacity; Frank Baldo in his individual capacity, John Does 1 through 7, in their individual capacities;<br><br>      Defendants. | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>14 Civ. 2457 (JGK) (JLC) |

## PRELIMINARY STATEMENT

  1.  This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

  2.  This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

  3.  This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331 and 1343 and over Plaintiff's state law claims under 28 U.S.C. § 1367.

## VENUE

  4.  Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events

giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5.    The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6.    Plaintiff VLADIMIR COISCOU is a resident of New York.

7.    Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.    The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.    At all relevant times herein, defendants ELVIN GOMEZ, FRANK BALDO, and JOHN DOES 1 THROUGH 7 (collectively, the "Individual Defendants") were police officers employed by the NYPD and were each acting in the capacity of agent, servant and

employee of the City.

10. Plaintiff is unable to determine the actual names of John Does 1 through 7 at this time and thus sues them under fictitious names.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

12. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

13. On June 1, 2013, at approximately 12:55 AM, plaintiff Vladimir Coiscou was on West 171st Street in Manhattan, sitting on the back of a neighbor's car, talking with a friend.

14. As Mr. Coiscou lives on that block, other friends and acquaintances of his were in the area.

15. Defendant Officer Baldo drove up beside Mr. Coiscou in an NYPD patrol car and told him to get off of the car, which Mr. Coiscou did.

16.     Officer Baldo then stated that he was going to arrest Mr. Coiscou.  Mr. Coiscou, who had not committed any crime or done anything wrong, asked Officer Baldo what he was being arrested for.

17.     Rather than arrest Mr. Coiscou, however, Officer Baldo, who at this point had gotten out of the police car,  arrested Mr. Coiscou's friend and took him back to the patrol car.

18.     Moments later, approximately four more NYPD vehicles arrived, out of which several officers emerged.  They descended on Mr. Coiscou, surrounding, grabbing, punching and handcuffing him, causing him pain and physical injury.

19.     Mr. Coiscou was then placed into a police car and driven to the NYPD's 33rd Precinct.

20.     At approximately 3:04 AM, Mr. Coiscou was given a desk appearance ticket ("DAT") and released from police custody shortly thereafter.

21.     The DAT was returnable in New York City Criminal Court on July 11, 2013.

22.     According to the DAT, the "arresting officer" was defendant Officer Gomez.

23.     According to the DAT, the "top offense" with which Mr. Coiscou was charged was a violation of New York State Penal Law § 240.20(6).

24.     On or about July 5, 2013, the New York County District Attorney's office made the decision to decline the prosecution of Mr. Coiscou.

## NOTICE OF CLAIM

25.     On December 20, 2010, within 90 days from the dates the claims alleged in this

Complaint arose, a Notice of Claim was served on the City.

26. At least 30 days have elapsed since the service of that Notice of Claim and adjustment or payment thereof has been neglected or refused.

27. The instant lawsuit is instituted within one year and 90 days after the dates the claims alleged in this Complaint arose.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

28. All other paragraphs herein are incorporated by reference as though fully set forth.

29. By battering, assaulting, arresting, detaining, charging and prosecuting the Plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment, and excessive force.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

30. All other paragraphs herein are incorporated by reference as though fully set forth.

31. Municipal liability for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

32. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to

properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

34. All other paragraphs herein are incorporated by reference as though fully set forth.

35. By the actions described above, the Individual Defendants, jointly and severally, violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

36. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Assault and Battery

37. All other paragraphs herein are incorporated by reference as though fully set forth.

38. By the actions described above, the Individual Defendants jointly and severally violated the Plaintiff's rights under New York law to be free from assault, battery and battery committed in performance of public duty or authority, as a direct and proximate result of which the Plaintiff suffered and continues to suffer from physical pain and injury.

39. Municipal liability for these torts rest upon principles of *respondeat superior*.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the Plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated:  New York, New York
        April 3, 2014

                                        Respectfully submitted,

                                        Darius Wadia, L.L.C.


                                        /s/
                                        _____
                                        By:  Darius Wadia (Bar number DW8679)
                                        Attorney for Plaintiff
                                        233 Broadway, Suite 2208
                                        New York, New York  10279
                                        dwadia@wadialaw.com